MID–CONTINENT AIRLINES, Inc. v. BROTHERHOOD OF RAILWAY & STEAMSHIP CLERKS, FREIGHT HANDLERS, EXPRESS & STATION EMPLOYEES.

No. 4973.

United States District Court
W. D. Missouri, W. D.

May 9, 1949.

Carl E. Enggas of Watson, Ess, Barnett, Whittaker & Marshall, of Kansas City, Mo., for employer.

Clif W. Langsdale, of Kansas City, Mo., James L. Crawford, of Cincinnati, Ohio, and Willard H. McEwen of Mulholland, Robie & McEwen, of Toledo, Ohio, for defendant Union.

DUNCAN, District Judge.

The Union has filed a petition to impeach and set aside the purported interpretation and application of award under Section 9, Railway Labor Act, as amended, U.S.C.A. Title 45, § 159. The facts are not in dispute. Briefs have been filed and all of the questions in the case have been ably argued by counsel for the respective parties. The record before the court shows that:

A labor dispute arose between the employer and its employees and being unable to adjust their differences the parties entered into an agreement as provided by Section 7, First, of the Railway Labor Act as amended, 45 U.S.C.A. § 157, subd. 1, which agreement provided for the settlement of their controversy by arbitration and under the terms of the agreement the parties submitted to arbitration the specific issue of whether or not there should be an increase in the rates of pay pursuant to the request of the employees as set out in their

formal notice to the Carrier dated June 23, 1947.

A Board of Arbitration was selected which consisted of one representative chosen by the company, one chosen by the Brotherhood and one appointed by the National Mediation Board. On January 6, 1948, the Board met in Kansas City, Missouri, and held hearings at which the parties were duly represented, and thereafter on January 14, 1948, an award was made which is as follows:

"The undersigned, constituting the duly authorized arbitrators, in accordance with the above mentioned submission, and to whom were voluntarily submitted the matter in controversy, award as follows:

"1. Mid-Continent Airlines, Inc. shall pay to its employees, represented by the Brotherhood of Railway & Steamship Clerks, Freight Handler, Express and Station Employees, a wage increase in the sum of 17¢ per hour for hourly rated employees, and the sum of $29.47 per month for employees paid on a monthly basis.

"This award and all the terms and conditions thereof shall be deemed and considered retroactive to and including the payroll period last preceding the date of this award."

All of the arbitrators agreed to the award. It was duly acknowledged and filed in the Clerk's office of the District Court designated as "Award of Board of Arbitrators" as provided by Section 159, First, of Title 45 of the Railway Labor Act. No exceptions were filed within ten days thereafter to impeach the award, and on the 9th day of February, 1948 the court entered judgment on said award which became final and conclusive on the parties. Section 159, Second, Title 45 of the Railway Labor Act.

Some time thereafter the parties apparently disagreed over the meaning of the award and the employer filed an application for an interpretation. Subsequent to the application and on April 2, 1948 the National Mediation Board ordered a reconvening of the Arbitration Board; said Board thereafter met and the following questions were submitted to the Board:

"(1) Is the Carrier under the award in this case, dated January 14, 1948, required to make payment to the stores personnel in view of the 1947 UAW-CIO contract with the Carrier covering this class or craft?

"(2) If the first question is answered in the affirmative, in making payment under the award, is the Carrier entitled to deduct from the 17¢ per hour increase the 12¢ per hour increase provided for in the 1947 UAW-CIO contract covering stores personnel?

"(3) In view of the somewhat insecure financial condition of the Carrier, is it not a fact that the award was made as high as it was (17¢ per hour) because the Board found that the clerical group (exclusive of stores personnel) had not had any general increase in wages during the year 1947?

"(4) Is it not true that the application of the entire 17¢ per hour increase to the hourly rate of the stores personnel, in addition to the 12¢ an hour increase provided for by the 1947 UAW-CIO contract, would distort the entire wage structure of the Carrier and create serious intra-craft wage inequities?"

By a divided opinion of the Board, concurred in by the chairman and by the employer's representative, an "Interpretation of the Application of Award" was filed. In answer to the questions the Board found:

"1. Mid-Continent Airlines, Inc., shall pay the employees in 'stores personnel', beginning January 1, 1948, an increase in the sum of 10 cents per hour.

"2. The first question submitted is answered in the affirmative.

"3. The second question submitted is answered by paragraph '1' of this 'Interpretation and Application.'

"4. The Arbitration Board declines to answer the third and fourth questions as submitted, upon the ground that the questions as submitted are beyond the Board's jurisdiction in this particular proceeding."

Paragraph (m) of Section 158 of the Railway Labor Act provides that "any difference arising as to the meaning, or the application of the provisions, of an award made by a board of arbitration shall be referred back for a ruling to the same board, or, by agreement, to a subcommittee of such board; * * *"

The award of the Arbitration Board, so far as the language used was concerned, is clear and unambiguous and is to the effect that the Mid-Continent Airlines Inc., should pay to its employees represented by the Brotherhood of Railway Steamship Clerks, Freight Handlers, Express & Station Employees a wage increase in the sum of 17¢ per hour for hourly rated employees, and in the sum of $29.47 per month for employees paid on a monthly basis.

Upon the entry of a judgment by the court, the award became final.

Some time after the award became final, a dispute arose as to whether or not the 17¢ an hour increase should apply to certain employees who were known as "stores personnel" and who had theretofore received a 12¢ an hour increase, as the result of negotiations between the employer and this group of employees, and it was because of this dispute, that the Board was reconvened in accordance with the provisions of paragraph (c) § 157 of the Act. This paragraph provides among other things:

"No question other than, or in addition to, the questions relating to the meaning or application of the award, submitted by the party or parties in writing, shall be considered by the reconvened board of arbitration or its subcommittee."

Under this provision of the Act, the only questions which the reconvened board could consider were those questions propounded to it as heretofore set out.

The first question submitted to the Board, i. e., was the carrier required to make payment to the "stores personnel" in view of a prior contract with this group —was answered in the affirmative. This is answer No. 2 of the reconvened board to question No. 1.

Having answered the first question in the affirmative, the next question was whether or not the carrier was entitled to a 12¢ an hour credit on the 17¢ an hour award? The reconvened board did not answer that question one way or the other.

If the question was the subject of interpretation, the answer was simple. Having first determined that this group of employees was covered by the award, the only question which the reconvened board could answer was whether or not the 12¢ an hour increase theretofore granted was to be deducted from the amount of the award.

If the answer had been in the affirmative, the difference would have been 5¢ an hour increase. If it had been in the negative, the full amount of the award (17¢) would have been payable. But instead of making such an answer, the reconvened board made an entirely new award of 10¢ an hour to this group. Such an award was entirely inconsistent with any conceivable interpretation of its original award.

The statute seems to be clear that a reconvened board cannot make a new award, but its authority and jurisdiction are limited to an interpretation or a construction of its original award.

In view of this conclusion, the action of the reconvened board was, under the statute, clearly unauthorized.

The petition to impeach and set aside the so-called interpretation and application of the award should be granted. It is so ordered.